UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARAN RUSSELL,<br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, ACTING<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant.[1] | No. 3:21-CV-00161 (SRU) |

**ORDER GRANTING COMMISSIONER'S CONSENT MOTION FOR ENTRY OF
JUDGMENT WITH REVERSAL AND REMAND**

The defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), has moved to enter judgment under sentence four of 42 U.S.C. § 405(g), with a reversal and remand of the cause to the Commissioner for further action. *See* Doc. No. 19. Counsel for the Commissioner represents that he has contacted counsel for Plaintiff, who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), I have the authority to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

---

[1] On or about July 9, 2021, Kilolo Kijakazi became the acting Commissioner of the Social Security Administration and is substituted for Andrew Saul as defendant in this action. *See* Fed. R. Civ. Proc. 25(d)(1). The Clerk of the Court is directed to update the docket accordingly.

Here, the Commissioner has determined that a remand of the case for additional administrative action is necessary.  Upon remand, the Appeals Council will direct the ALJ to: (1) offer the Plaintiff the opportunity for a *de novo* hearing; (2) re-evaluate the persuasiveness of the opinion evidence in accord with the applicable regulations, and if the adjudication proceeds beyond step three of the sequential evaluation, reassess Plaintiff's residual functional capacity ("RFC"), and obtain supplemental vocational expert evidence to determine the effect of the RFC at the fourth and fifth steps of the sequential evaluation; and (3) take any other necessary action to complete the record and issue a new decision.

Accordingly, I **GRANT** the Commissioner's Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g).  The Clerk shall enter a judgment of reversal and remand under sentence four of 42 U.S.C. § 405(g), and shall remand the case to the Commissioner for further proceedings consistent with the motion.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of October 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge